UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| WADE KNIGHT, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO.3:CV-05-18 |
| | : | |
| | : | (Judge Conaboy) |
| J. KAMINSKI, ET AL., | : | |
| Defendants | : | |

_____

**MEMORANDUM**
**Background**

Wade Knight, an inmate presently confined at the Allenwood
United States Penitentiary, White Deer, Pennsylvania (USP-
Allenwood), initiated this pro se action.  The complaint sets
forth Bivens[1]-type civil rights allegations and also seeks
relief under the Federal Tort Claims Act (FTCA).

Named as Defendants are the following USP-Allenwood
officials: Warden Troy Williamson; Case Manager Jonathan
Kaminski; Lieutenant David Andino; Lieutenant Louis Caprio;
Lieutenant George Nye; Senior Office Specialist Mark Gula;
Correctional Officer Steven Valencik; Lieutenant Michael
Quijada; Associate Warden Michael Orn; and Secretary Amilene

_____

[1]  See Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).  Bivens stands for the proposition
that "a citizen suffering a compensable injury to a
constitutionally protected interest could invoke the general
federal question jurisdiction of the district court to obtain an
award of monetary damages against the responsible federal
official." Butz v. Economou, 438 U.S. 478, 504 (1978).

Wachter.[2]

Plaintiff initially states that Case Manager Kaminski "falsified and misused his authority against Plaintiff" on several occasions.  Doc. 1, Statement of Claim, ¶ 1.  As a result of Kaminski's purported actions, Defendant Orn escorted Knight from the prison's main dining hall to the Lieutenants' office holding cell on June 9, 2004.  While in the holding cell, Plaintiff alleges that he was "verbally" threatened by Defendant Nye "for no justifiable reason."  Id. at ¶ 3.  Thereafter, Defendant Wachter, a secretary, opened the holding cell door permitting the entry of Defendants Nye, Caprio, Quijada, Valencik, Andino, and Gula.  According to the complaint, those Defendants proceeded to physically attack Knight.  Following the assault, the participating correctional officers allegedly filed falsified written accounts of the incident which were subsequently used as the basis for initiation of disciplinary charges against Knight.  Later that same day, Warden Williamson ordered that Knight be placed in hard ambulatory restraints. Plaintiff seeks punitive and compensatory damages.

Presently pending is Defendants' motion to dismiss or in the alternative for summary judgment.  See Doc. 28.  The motion has been briefed and is ripe for consideration.

## **Discussion**

---

[2] This Defendant's last name is spelled Wertman in the complaint.

2

Defendants' dispositive motion raises the following arguments: (1) Plaintiff failed to exhaust his administrative remedies with respect to his civil rights claims regarding staff misconduct, excessive force, due process violations, and cruel and unusual punishment; (2) Knight's challenge to his disciplinary proceedings is not cognizable under <u>Bivens</u>; and (3) Plaintiff's claims of negligence and constitutional misconduct cannot be asserted under the FTCA.

**Standard of Review**

The Defendants' motion is accompanied by evidentiary materials [documents] outside the pleadings which are relevant for purposes of both determining the issue of administrative exhaustion as well as their alternative arguments. Rule 12(b) provides in part as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b). The Court will not exclude the evidentiary materials [documents] accompanying Defendants' motion. Thus, their motion will be treated as solely seeking summary judgment.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, admissions on file,

together with affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving party is
entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry
> of summary judgment, after adequate time for discovery
> and upon motion, against a party who fails to make a
> showing sufficient to establish the existence of an
> element essential to that party's case, and on which
> that party will bear the burden of proof at trial.  In
> such a situation, there can be "no genuine issue as to
> any material fact," since a complete failure of proof
> concerning an essential element of the nonmoving
> party's case necessarily renders all other facts
> immaterial.  The moving party is "entitled to a
> judgment as a matter of law" because the nonmoving
> party has failed to make a sufficient showing on an
> essential element of her case with respect to which
> she has the burden of proof.  "[T]he standard [for
> granting summary judgment] mirrors the standard for a
> directed verdict under Federal Rule of Civil Procedure
> 50(a)...."

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, (1986).

The moving party bears the initial responsibility of
stating the basis for its motion and identifying those portions
of the record which demonstrate the absence of a genuine issue
of material fact.  The moving party can discharge that burden by
"'showing' . . . that there is an absence of evidence to support
the nonmoving party's case."  Celotex, supra, 106 S.Ct. at 2553
and 2554.  Once the moving party has satisfied its burden, the
nonmoving party must present "affirmative evidence" to defeat
the motion, consisting of verified or documented materials.
Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).
Issues of fact are "genuine only if a reasonable jury,
considering the evidence presented could find for the nonmoving

4

party."  Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir.
1988).  Only disputes over facts that might affect the outcome
of the suit will preclude the entry of summary judgment.  Id.
Finally, in evaluating a motion for summary judgment, the entire
record must be examined in the light most favorable to the
nonmoving party.

**Administrative Exhaustion**

Defendants concede that Knight exhausted his administrative
remedies with respect to his claim that they falsified written
accounts relating to Incident Report No. 1229791.  However, they
contend that Plaintiff failed to satisfy the exhaustion
requirement with respect to Incident Report No. 1229798 as well
as his claims of "staff misconduct, excessive force, due process
violations and cruel and unusual punishment."  Doc. 31, p. 8.

As previously noted, Plaintiff claims that he was
physically assaulted by correctional officers in a holding cell
on June 9, 2004.  Following that altercation, Knight was issued
three (3) separate incident reports.  Incident Report No.
1229791 charged Plaintiff with attempting to assault a staff
member by trying to bite Officer Nye on the left leg.  See id.,
Exhibit 3.  Defendants' supporting brief acknowledges that this
charge was administratively exhausted.  See id., p. 7.  The
second charge, Incident Report No. 1229788 alleged that the
prisoner assaulted Lieutenant Quijada by elbowing him in the
right eye.  See id. at Exhibit 4.  It is noted that Defendants'

supporting brief does not specifically address the issue of whether this charge was exhausted.  The remaining charge, Incident Report No. 1229798, contended that Knight attempted to bite the left forearm of Lieutenant Caprio.  See id. at Exhibit 5.  Defendants maintain this last misconduct charge was unexhausted.  See id., p. 8.

42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992 (2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001).  Claims for monetary relief are not excused from the exhaustion requirement.  Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action.  Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).  "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)).

The Court of appeals for the Third Circuit in Mitchell v.

6

Horn, 318 F.3d 523, 529 (3d Cir. 2003) stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 2000), cert. denied, 532 U.S. 1065 (2001); Jenkins v. Haubert, 179 F.3d 19, 29 (2d Cir. 1999).  Consequently, a prisoner does not have to allege in his complaint that he has exhausted administrative remedies.  Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002).  Rather, it is the burden of a defendant asserting the defense to plead and prove it.  Id.; Williams v. Runyon,130 F.3d 568, 573 (3d Cir. 1997); Charpentier v. Godsil, 937 F.2d 859 (3d Cir. 1991); Fed. R. Civ. P. 8(c)).

The BOP has established a multi-tier Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment.[3]  See 28 C.F.R. §§ 542.10-542.19 (1998).  "This

---

3. Matters excluded from this program are set forth at 28 C.F.R. § 542.12, which states as follows:

> (a) An inmate may not use this Program to submit a Request or Appeal on behalf of another inmate.  This program is intended to address concerns that are personal to the inmate making the Request or Appeal, but shall not prevent an inmate from obtaining assistance in preparing a Request or Appeal, as provided in § 542.16 of this part.
> (b) Requests or Appeals will not be accepted under the Administrative Remedy Program for claims for which other administrative procedures have been established, including tort claims, Inmate Accident Compensation claims, and Freedom of Information or Privacy Act requests.  Staff shall inform the inmate in writing of the appropriate procedure if the Request or Appeal is not acceptable under the Administrative Remedy Program.

program applies to all inmates confined in institutions operated by the Bureau of Prisons, to inmates designated to Community Corrections Centers (CCCs) under Bureau of Prisons' responsibility, and to former inmates for issues that arose during their confinement but does not apply to inmates confined in other non-federal facilities." Id. at § 542.10.

The program provides that, with certain exceptions, "... an inmate shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request For Administrative Remedy."[4]  Id. at § 542.13(a).  Next, if informal resolution fails, the inmate must submit "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within 20 "calendar days following the date on which the basis for the Request occurred."  Id. at § 542.14(a).  If a valid reason for delay is given, an extension of the filing time may be granted.  Id. at 542.14(b).  The Warden has 20 calendar days from the date the Request or Appeal is filed in which to respond.  Id. at § 542.18.

If not satisfied with the Warden's response, an inmate may appeal on the appropriate form (BP-10) to the Regional Director within 20 calendar days of the date the Warden signed the response.

_____

4. CCC inmates are not required to seek informal resolution. Id. at § 542.13(b).  Informal resolution is not required for those matters identified in § 542.14(d), which include sensitive issues and DHO, Control Unit, and Controlled housing status appeals.  Id. Additionally, informal resolution may be waived in individual cases at the discretion of either the Warden or the institution Administrative Remedy Coordinator "when the inmate demonstrates an acceptable reason for bypassing informal resolution."  Id.

Id. at § 542.15.  Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed on the appropriate form (BP-11) to the General Counsel within 30 calendar days from the date the Regional Director signed the response.  Id.  "When the inmate demonstrates a valid reason for delay, these time limits may be extended."  Id.  The Regional Director has 30 calendar days to respond and the General Counsel has 40 calendar days in which to respond.  Id. at § 542.18.

The response time provided for at each level may be extended in writing "once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level."  Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In support of their non-exhaustion argument, Defendants have submitted a declaration under penalty of perjury by USP-Allenwood Paralegal Specialist Susan Albert.  Albert acknowledges that based on her review of BOP computerized records, Knight has initiated 22 administrative grievances.  See Doc. 31, Exhibit 1, ¶ 11.  She also admits that the prisoner has fully exhausted an administrative appeal of Incident Report No. 1229791.  Id. at ¶ 12.  Albert adds that an administrative appeal of Incident Report No. 1229788 "was closed and denied on September 30, 2004."  Id. at ¶ 13.  Finally, Albert states that although an administrative appeal of Incident Report No. 1229798 was "closed and denied" on September 30, 2004,

said appeal was not fully exhausted.  _Id_. at ¶ 14.

While copies of the three (3) Incident Reports and resulting Disciplinary Hearing Reports have been submitted by the Defendants, they have not provided this Court with copies of documents relating to Knight's administrative appeals.  More importantly, Albert's declaration by itself does not provide a clear indication as to whether there has been non-compliance with the exhaustion requirement.  Especially troubling is her contradictory statement that exhaustion was not satisfied with respect to Incident Report No. 1229798 even though an administrative appeal was closed and denied.

In conclusion, based on this Court's review of the record to date, the Defendants have not adequately satisfied their burden under _Williams_ of establishing that any of the Plaintiff's pending _Bivens_ claims are administratively unexhausted.

**Heck**

As noted above, Plaintiff argues that the Defendants intentionally fabricated written reports regarding the June 9, 2004 altercation which led to the filing of the three (3) incident reports.  Defendants contend that Plaintiff is presently precluded from seeking monetary damages with respect to his falsified documents claims.  They correctly note that each of the three resulting disciplinary proceedings resulted in the issuance of sanctions including loss of good time credits for the Plaintiff.

Consequently, Defendants contend that until the results of the

disciplinary proceedings have been invalidated or overturned via a grant of federal habeas corpus relief, his claims for monetary damages with respect to his fabricated documents allegations are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

It is well-settled that inmates challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus petition. Preiser v. Rodriquez, 411 U.S. 475 (1975).  The United States Supreme Court in Edwards v. Balisok, 520 U.S. 641, 646 (1997), concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a civil rights action. Id. at 646.  Knight's claims that the Defendants fabricated documents which were used as the basis for disciplinary charges resulting in the loss of good time credits is clearly attacking the length of his federal sentence.  As a result, the only appropriate way for Knight to challenge those disciplinary proceedings is via a properly filed habeas corpus petition.

In Heck, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal

court's issuance of a writ of habeas corpus." <u>Id</u>. at 486-87.

The Third Circuit Court of appeals has found that <u>Heck</u> applies to challenges to parole decisions. <u>See</u> <u>Aldoff v. Fisher</u>, No. 00-2914, slip op. (3d Cir. June 28, 2001). <u>Heck</u> has also been deemed applicable to a claim that a sentence was improperly increased by correctional officials. <u>See</u> <u>Sharp v. Lavan</u>, No. 02-4535, slip op. (3d Cir. June 19, 2003).

Consequently, since Knight's pending action seeks only monetary damages, his <u>Bivens</u> claims that he was subjected to disciplinary charges based on falsified reports written by the Defendants are premature because he cannot maintain a cause of action for unlawful imprisonment until the basis for that imprisonment is rendered invalid via a federal habeas corpus petition.

**FTCA**

Defendants' next argument is that the FTCA portion of the complaint is insufficient because Plaintiff at best asserts a claim of negligent infliction of emotional distress which cannot be entertained because the inmate does not allege that he suffered any injury. They also correctly note that assertions of constitutional misconduct are not properly raised under the FTCA.

The FTCA provides a remedy in damages for the simple negligence of employees of the United States. <u>United States v. Muniz</u>, 374 U.S. 150, 150 (1963). Under the FTCA, sovereign

immunity is waived against persons suing the federal government for the commission of various torts.  <u>Simon v. United States</u>, 341 F. 3d 193, 200 (3d Cir. 2003).  In presenting an FTCA claim, a plaintiff must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  <u>Mahler v. United States</u>, 196 F. Supp. 362, 364 (W.D. Pa. 1961), <u>aff'd</u>, 306 F.2d 713 (3d Cir.), <u>cert. denied</u>, 371 U.S. 923 (1962).

The United States is only liable under the FTCA for conduct by government employees while acting within their scope of employment. <u>Matsko v. United States</u>, 372 F.3d 556, 559  (3d Cir. 2004).  When determining if a defendant was acting within the scope of his employment at the time of the underlying incident, courts must look to the law of the state where the incident occurred.  <u>Doughty v. United States Postal Service</u>, 359 F. Supp.2d 361, 365 (N.J. 2005).

It is undisputed that Plaintiff filed and exhausted an administrative tort claim regarding the claims relating to the June 9, 2004 incident.  <u>See</u> Doc. 31, p. 8.  However, Defendants' present motion does not address the issue of whether the correctional officers purportedly involved in the June 9, 2004 physical confrontation were acting within the scope of their BOP employment.[5]

---

[5] The United States is immune from certain intentional torts committed by its agents.  For instance, the United States is not liable for claims arising out of assault and/or battery committed by federal employees within the scope of their employment unless the employee was an investigative or law enforcement officer.  <u>See</u> 28 U.S.C. § 2680(h).  It has been recognized within this district

Rather, the Defendants contend that because Plaintiff states no claim for damages other than mental anguish, his complaint at best raises a claim of negligent infliction of emotional distress. However, the prayer for relief in Plaintiff's complaint clearly maintains that he sustained "physical and emotional injuries" as a result of the purported assault by correctional officers.  Doc. 1, ¶ IV(1).  Although Defendants concede that Knight "exhausted the administrative tort process," they have not submitted a copy of Plaintiff's administrative tort claim.  Doc. 31, p. 8.  Plaintiff has submitted a copy of an August 17, 2004 correspondence by BOP's Regional Counsel wherein it is acknowledged that Knight's administrative FTCA claim was "for personal injury."  Doc. 17, Attachment D.  Additionally, Knight has filed a supporting declaration and a copy of a BOP Medical Assessment Form indicating that he suffered lacerations, scratches, and an ankle injury.  <u>See</u> Doc. 17, Exhibit N.  Based on the record, this Court cannot accept the Defendants' argument that Plaintiff's FTCA claim should be construed as one of negligent infliction of emotional distress.  On the contrary, it appears that Knight has adequately asserted an intentional tort claim of assault and/or battery.

Accordingly, it is apparent to this Court that the threshold FTCA related issue in this case is whether Knight's FTCA claim is

---

that BOP staff members may be considered law enforcement officers. <u>See</u> <u>King v. United States</u>, Civil No. 93-258, slip op. at 2 (M.D. Pa. July 27, 1993)(Kosik, J.); <u>Zakaria v. Bureau of Prisons</u>, Civil No. 95-1787, slip op. at p. 7-9 (M.D. Pa.  April 29, 1998)(McClure, J.).

precluded by the Third Circuit's interpretation of § 2680(h) in
<u>Pooler v. United States</u>, 787 F.2d. 868, 872 (3d Cir. 1986).  If the
purported conduct in the present case did not take place during an
arrest, search, or seizure of evidence, the Plaintiff cannot obtain
relief under the FTCA.  Since a <u>Pooler</u> based argument has not been
raised by Defendants, the FTCA portion of the complaint will
proceed.  An appropriate Order will enter.




<u>S/Richard P. Conaboy</u>
RICHARD P. CONABOY
United States District Judge



DATED: MARCH 10, 2006

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


|                              | :   |                      |
| ---------------------------- | --- | -------------------- |
| WADE KNIGHT,                 | :   |                      |
|     Plaintiff | :   |                      |
|                              | :   |                      |
|     v.   | :   | CIVIL NO.3:CV-05-18  |
|                              | :   |                      |
|                              | :   | (Judge Conaboy)      |
| J. KAMINSKI, ET AL.,         | :   |                      |
|     Defendants | :   |                      |


**ORDER**


    AND NOW, THIS 10th DAY OF MARCH, 2006, IT IS HEREBY ORDERED
THAT:

        1.   Defendants' motion to dismiss or in the
alternative for summary judgment (Doc. 28) is
construed as solely seeking summary judgment.

        2.   The Defendants' motion for summary judgment is
granted in part.

        3.   Summary judgment is granted in favor of the
Defendants with respect to Plaintiff's <u>Bivens</u>

claim that the Defendants falsified written reports regarding the June 9, 2004 incident.

4.    The summary judgment motion is denied in all other respects.

5.    Plaintiff's FTCA claims of being subjected to an assault and/or battery on June 9, 2004 will proceed.

6.    The Plaintiff's <u>Bivens</u> claims against Defendant Kaminski and that he was subjected to excessive force on June 9, 2004 will likewise proceed.


<u>S/Richard P.Conaboy</u>

RICHARD P. CONABOY
UNTIED STATES DISTRICT JUDGE