BDB:GMT:all:mmr

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WADE KNIGHT, | : | CIVIL NO. 3:CV-05-0018 |
|     Plaintiff, | : | |
| | : | |
|     v. | : | (Conaboy, J.) |
| | : | |
| CASE MANAGER JONATHAN | : | |
| KAMINSKI, et al., | : | Electronically Filed |
|     Defendants, | : | |

### THE UNITED STATES' SUPPLEMENTAL BRIEF

#### I.   Relevant Procedural and Factual History

Wade Knight, a federal inmate, brought a Bivens[1] and FTCA action against the United States and others alleging that members of the prison staff intentionally assaulted him.  On September 25, 2007, this Court granted summary judgment to the United States relative to Plaintiff's FTCA claims of assault and battery. (Doc. 118).  This Court's decision was based in part on a longstanding Third Circuit precedent set forth in Pooler v. United States, 787 F.2d 868 (3d Cir. 1986), and was summarily affirmed by the Third Circuit on May 29, 2009.  (Doc. 142.)

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

1

On April 29, 2013, Plaintiff filed a second motion to reopen the case pursuant to Federal Rule of Civil Procedure 60 (b)(6), arguing that the United States Supreme Court's decision in <u>Millbrook v. United States,</u> 133 S. Ct. 1441 (2013), overturned the longstanding Third Circuit precedent in <u>Pooler</u> that formed the basis for this Court's decision to grant summary judgment on the FTCA assault and battery claims.  (Doc. 166.)  The motion was denied on February 10, 2015 (Doc. 177), and an appeal to the Third Circuit followed.

On September 28, 2016, the Third Circuit vacated the order and remanded the matter to this Court with instructions to conduct a multi-factor analysis as described in <u>Cox v. Horn</u>, 757 F.3d 113 (3d Cir. 2014).  (Doc. 183).   By Order dated November 16, 2016, the parties were directed to "file supplemental briefs addressing whether Plaintiff has satisfied the exceptional circumstances standard set forth in <u>Cox</u>."   (Doc. 184 at 2.)

## II. <u>Argument</u>

       THE FACTORS THAT THE COURT USES TO ANALYZE MOTIONS UNDER FED. R. CIV. P. 60(b)(6) DO NOT SUPPORT KNIGHT'S MOTION FOR RELIEF FROM A JUDGMENT OR ORDER BECAUSE KNIGHT FAILED TO IDENTIFY ANY EXCEPTIONAL CIRCUMSTANCES FOR THE DISTRICT COURT TO CONSIDER .

Rule 60(b)(6) is a catch-all provision that authorizes a Court to grant relief from a final judgment for "any…reason other than those listed elsewhere in the Rule." Cox v. Horn, 757 F.3d 113, 120 (3d Cir. 2014).  Courts are to dispense their broad powers under Rule 60(b)(6) only in "'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" Id. (quoting Sawka Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).

Intervening changes in the law rarely justify relief from final judgments under Rule 60(b)(6).  Cox, 757 F.3d at 120.  "A movant, of course, bears the burden of establishing entitlement to such equitable relief, which again, will be granted only under extraordinary circumstances." Id. at 122 (citing Mayberry v. Maroney, 558 F.2d 1159, 1163 (3d Cir. 1977)).

Knight's sole basis for requesting relief from a final judgment under Rule 60(b)(6), was an intervening change in the law brought about by the Supreme Court's decision in Millbrook v. United States, 133 S. Ct. 1441 (2013).  (Doc. 166).  Knight did not offer or suggest any other reasons to support his Rule 60(b)(6) request.

In Smart v. Aramark, Inc., 618 F. App'x 728 (3d Cir. 2015), the Appellate Court summarily affirmed a district Court's denial of a Rule 60(b)(6) motion holding that the "court acted within its discretion in determining that he was not

entitled to relief under this 'catchall' provision." Id. at 730.  The Court explained that Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances," and since "Smart alleged nothing more than legal error in his motion, he failed to demonstrate that he was entitled to this extraordinary relief."  Id.

Here, like in Smart, the district Court should deny Knight's request for Rule 60(b)(6) relief because his allegation that the district Court's grant of summary judgment is erroneous in light of Millbrook does not amount to the exceptional circumstances that may warrant extraordinary relief under Rule 60(b)(6).

Indeed, in Cox, the Court explained that a change of law, *without more*, is almost always an insufficient basis to reopen a case under Rule 60(b)(6).  See 757 F.3d at 120; see also Reform Party of Allegheny Cnty. v. Allegheny Cnty. Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) ("'[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).'" (quoting Agostini v. Felton, 521 U.S. 203, 239 (1997))).  Here, Knight does not present this Court with any additional facts or circumstances to consider in determining whether he was entitled to extraordinary relief.  While a "district Court must consider the full measure of any *properly presented* facts and circumstances attendant to the movant's request," Cox, 757

F.3d at 122 (emphasis added), a Court cannot consider that which was not presented to it in the first instance.  Because Knight did not present any additional facts for the district Court to consider, it did not abuse its discretion in denying his motion.

### III.  Conclusion

For the foregoing reasons, the Court should deny Knight's motion to reopen his FTCA claims.

Respectfully submitted,

BRUCE D. BRANDLER
United States Attorney

/s G. Michael Thiel
G. MICHAEL THIEL
Assistant U.S. Attorney
Atty. I.D. #PA 72926
P.O. Box 309
Scranton, PA 18501
Phone 348-2800
Fax: 348-2830

Dated:   December 2, 2016                           E-Mail: mike.thiel@usdoj.gov

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WADE KNIGHT,** | : | **CIVIL NO. 3:CV-05-0018** |
| Plaintiff, | : | |
| | : | |
| v. | : | (Conaboy, J.) |
| | : | |
| **CASE MANAGER JONATHAN** | : | |
| **KAMINSKI, et al.,** | : | **Electronically Filed** |
| Defendants, | : | |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania, and is a person of such age and discretion as to be competent to serve papers. That on December 2, 2016, she served a copy of the attached:

## THE UNITED STATES' SUPPLEMENTAL BRIEF

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

Address:
Mr. Wade Knight
Reg.#: 29917-037
USP Big Sandy
P.O. Box 2068
Inez, KY  41224

/s Anice F. Ostrom
ANICE F. OSTROM, Contractor
Data Analyst Legal Assistant
Forfeiture Support Associates