IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WADE KNIGHT,
    Plaintiff,           Civil No. 3:CV-05-18

vs.

J. KAMINSKI, ET AL.,    (Judge Conaboy)
    Defendants.

FILED
SCRANTON
DEC 09 2016
PER ___ DEPUTY CLERK

SUPPLEMENTAL BRIEF

Now Comes, Plaintiff Mr. Wade Knight on this given date of December 2, 2016 with the above title as so Ordered by this Court on November 16, 2016.

In this Mention Order it Was requested that both parties had twenty-one (21) days to address Whether Plaintiff has satisfied the exceptional circumstances standard set forth in Cox v. Horn, 757 F.3d 113, 121 (3rd Cir. 2014) Which remanded this Court previous Order on September 28, 2016 based

-1-

upon this Court failure to implement the Third Circuit findings in Cox for denying Plaintiff's Rule 60(b)(6) Motion. In accordance to Cox the Third Circuit Court of Appeals held:

> We have not foreclosed the possibility that a change in controlling precedent, even standing alone, might give reason for 60(b)(6) relief. See Wilson v. Fenton, 684 F.2d 249, 251 (3rd Cir. 1982)(per curiam) ("A decision of the Supreme Court of the United States or a Court of Appeals may provide the extraordinary circumstances for granting a Rule 60(b)(6) Motion....")

Here, Plaintiff is relying on Millbrook v. United States, 133 S.Ct. 1441 (2013) which reversed the judgment in Pooler v. United States, 787 F.2d 868, 872 (3rd Cir. 1986) because it had misinterpret a civil statute. In Coltec, 280 F.3d at 274 this Court held:

> "[C]ourts have not looked favorably on the entreaties of parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions."

-2-

This ruling also applies when a judge relies upon a misinterpretation of the law and/or statute. It was determined in Klapprott v. United States, 335 U.S. 601, 614, 69 S. Ct. 384, 93 L.Ed. 266 (1949) Rule 60(b)(6) exist so that courts may "vacate judgments whenever such action is appropriate to accomplish justice."

Revisiting the language found in Cox v. Horn, 757 F.3d 113, 118 (3rd Cir. 2014), cert. denied, 135 S. Ct. 1548, 191 L.Ed.2d 663 (2015) this Circuit held:

> We have explained that a showing of extraordinary circumstances involves a showing that without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result."

> It has been established that the hardship requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits," Baughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 978 (3rd Cir. 1978)

That being said, it is clear upon the face of the records that when this Court granted the Defendants Second Summary Judgment that manner caused this Court to Vacate a judgment which was render correctly on March 10, 2006.

The Merits reached on March 10, 2006 order Plaintiff's FTCA to proceed to trial.

In overturning this March 10, 2006 ruling based upon the misinterpretation of Section 2680(h) found in Pooler v. United States, 787 F.2d 868, 872 (3rd Cir. 1986) was clearly a misapplication of the law.

Anytime a law and/or statute is misapplied that misapplication would surely creat what is call extraordinary circumstances. See Wilson v. Fenton, 684 F.2d 249, 257 (3rd Cir. 1982) ("A decision of the Supreme Court of the United States or a Court of Appeals may provide the extraordinary circumstances for granting a Rule 60(b)(6) Motion....")

Therefore, it's clear that Millbrook v. United States, 133 S. Ct. 1441 (2013) newly announced rule affects the

-4-

Integrity of this Court judgment entered September 25, 2007 for this Circuit has been misapplying and misinterpreting Section 2680(h) by reasoning the government is immune from suit for Assault and Battery if the purported conduct in the present case did not take place during an arrest, search, or seizure of evidence.

The United States Supreme Court pointed out in Millbrook, "the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity, or are executing a search, seizing evidence, or making an arrest."

In Conclusion:

Plaintiff argued, without relief from the September 25, 2007 Order will result in him contently being subject to the denial of a Constitutional right awarded to him under the United States Constitutional. VIII

-5-

Respectfully Submitted

Dated: 12/2/2016

Mr. Wade Knight #29917-037
United States Penitentiary
Big Sandy
P.O. Box 2068
Inez, KY. 41224

# CERTIFICATE OF SERVICE

I hereby declare under the penalty of perjury that I have placed a complete copy of the attached Supplement Brief into a pre-paid First-Class envelope and addressed to the Defendants listed below. After doing such I gave both envelopes to the Mail room department here USP-Big Sandy.

Addressee:
C. Thiel
U.S. Attorney office
235 N. Washington Ave
P.O. Box 309
Scranton, Pa. 18503

INMATE NAME: M. Wade Knight
REGISTER # 29917-037
UNITED STATES PENITENTIARY, BIG SANDY
P.O. BOX 2068
INEZ, KY. 41224

CHARLESTON WV 250
01 DEC 2016 PM 3 L

Rec'd
FILED
SCRANTON
DEC 09 2016
DEPUTY CLERK

⇔ 29917-037 ⇔
Clerks Office
U.S Dist. Court
235 N Washington AVE
P.O. Box 148
Scranton, PA 18501-1148
United States

18501-014848